**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 15-CR-2038-LRR |
| vs. | | **ORDER** |
| MARCHELLO REMBERT, | | |
| Defendant. | | |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . *1*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

    *A.   Officer Savage's Gang Specialization* . . . . . . . . . . . . . . . . . . *3*
    *B.   Officer Savage's Recognition of Defendant* . . . . . . . . . . . . . . . . *4*
    *C.   Evidence of Other Crimes* . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.   2010 conviction* . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *2.   Pending charges* . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *D.   Impeachment Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matter before the court is Defendant Marchello Rembert's "Motion in Limine" ("Motion") (docket no. 77).

## II. RELEVANT PROCEDURAL HISTORY

On September 15, 2015, the grand jury returned a two-count Indictment (docket no. 2), charging Defendant with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 1) and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count 2). Defendant has pleaded not guilty to both counts and a jury trial is scheduled to commence on January 4, 2016. *See* Trial Scheduling

Order (docket no. 75). On December 21, 2015, the court held a final pretrial conference with the parties, during which they addressed certain issues ultimately appearing in the Motion. *See* December 21, 2015 Minute Entry (docket no. 76). On December 21, 2015, Defendant filed the Motion. On December 28, 2015, the government filed a "Resistance to Defendant's Motion in Limine" ("Resistance") (docket no. 81).

### III. ANALYSIS

Defendant requests pretrial rulings excluding the following from admission at trial: (1) evidence that Waterloo Police Officer Edward Savage is a "gang specialist" or has participated in organizations or conferences devoted to gang investigations; (2) evidence that Officer Savage responded to an unrelated call at the same location as the alleged incident earlier in the same evening; (3) evidence that Officer Savage had been to the location of the alleged incident "quite a few times with various different gang members and incidences"; (4) evidence that Officer Savage knows Defendant to be a "shooter" and a drug dealer; (5) evidence that Officer Savage knew Defendant by reputation, beyond an outstanding warrant, despite never having met Defendant prior to the alleged incident; (6) evidence that the location of the alleged incident is a "well-known gang area"; (7) evidence that Officer Savage knows of "[Defendant's] past" and "about situations" related to Defendant; (8) evidence that Defendant is a member of the Rich Gang; (9) evidence that Defendant associates with the Jackson brothers, who are members of the Rich Gang; (10) evidence that Defendant's sister was shot and killed in Waterloo in 2014; (11) evidence of Defendant's prior state conviction for possession of marijuana with intent to deliver; (12) evidence of Defendant's pending charges for driving while barred, eluding and possession of a controlled substance; and (13) evidence of Defendant's state convictions for possession of marijuana with intent to deliver and theft in the second degree for use as impeachment if Defendant elects to testify.

The government does not resist the Motion insofar as it seeks to exclude items 2, 3, 4, 6, 7, 8, 9 and 10. Resistance at 1. Accordingly, the Motion is granted to the extent it seeks to exclude those items from evidence. The court will address the admissibility of the remaining evidence in turn.

### A. *Officer Savage's Gang Specialization*

Defendant seeks to exclude evidence that Officer Savage "is a member of the Midwest Gang Investigators Association, a gang specialist trained out of the National Gang Crime Research Center[] and has attended numerous law enforcement conferences on gangs." Motion at 1. The government does not resist excluding references to gang activity and has instructed Officer Savage to refer to his "experience with 'street crimes' investigations, rather than gang investigations." Resistance at 3. However, the government does resist excluding testimony that Officer Savage has received training through organizations that refer to gangs in their titles, including the Midwest Gang Investigators Association and the National Gang Crime Research Center. *Id.* The government claims that it is inappropriate to exclude these limited references to Officer Savage's experience with gang investigations because they accurately describe his training, "are not related to [D]efendant and there is nothing to suggest that [D]efendant himself is involved in gang activity through this testimony." *Id.* at 4. The court agrees. The exclusion of references to gang activity at trial shall not preclude Officer Savage from testifying accurately about the organizations to which he belongs and from which he has received training relevant to his law enforcement credentials. Accordingly, the court denies the Motion to the extent it seeks to exclude evidence of Officer Savage's training and membership in law enforcement organizations associated with gang investigation, as listed in item 1 in the Motion.

## B. Officer Savage's Recognition of Defendant

Defendant seeks to exclude evidence "that even though Officer Savage had never met [Defendant] before, he knew who [Defendant] was the moment he saw him," except to the extent that Officer Savage knew of Defendant's outstanding warrant for operating while intoxicated (OWI). Motion at 1. Defendant appears to be primarily concerned with potential testimony that Officer Savage had beliefs that Defendant was a "drug dealer," "shooter" or otherwise known to be involved with criminal activity. *See* "Brief in Support of Defendant's Motion in Limine" ("Brief") (docket no. 77-1) at 5. The government does not intend to present details of why or how Officer Savage recognized Defendant. Resistance at 4. However, the government contends that "it is necessary to provide limited testimony that [Officer] Savage recognized [D]efendant prior to placing him under arrest" in order to prevent confusion as to why Officer Savage arrested Defendant for the OWI warrant without first confirming Defendant's identity and running a search for outstanding warrants. *Id*. The court agrees. The government may present non-detailed evidence that Officer Savage knew of Defendant and knew that Defendant had an outstanding warrant for OWI. This method for introducing this evidence will simultaneously mitigate Defendant's concerns about the jury hearing of Defendant's prior criminal activity and ensure that the jury has context for the actions taken by Officer Savage. Accordingly, the court denies the Motion to the extent it seeks to exclude non-detailed evidence that Officer Savage recognized Defendant prior to interacting with him, as listed in item 5 of the Motion.

## C. Evidence of Other Crimes

Defendant seeks to exclude evidence of his 2010 conviction for possession of marijuana with intent to deliver[1] and his currently pending charges arising from an incident

---

[1] Defendant has another conviction from 2010, for possession of marijuana, but does
(continued…)

occurring in August of 2015. Motion at 2. The government resists exclusion of the 2010 conviction on the grounds that it is admissible under Federal Rule of Evidence 404(b) and resists exclusion of the pending charges on the grounds that the facts underlying the charges constitute substantive evidence of the instant allegations. Resistance at 5-7.

### *1. 2010 conviction*

Defendant's 2010 conviction arose from his possession of two grams of marijuana packaged in three separate baggies. Brief at 7. The current allegations involve approximately five grams of crack cocaine. *Id*. Defendant argues that these differences in drug type and quantity make the prior conviction dissimilar to the instant charges and thus inadmissible under Rule 404(b). *See id*. The government argues that such differences are not dispositive under Rule 404(b) and that the conviction is relevant to show Defendant's intent to distribute crack cocaine. Resistance at 6-7.

Evidence of prior convictions is inadmissible to show that a defendant has a propensity for criminal conduct. *See* Fed. R. Evid. 404(b)(1). Despite this general prohibition, prior convictions are admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) is a rule of inclusion that prohibits the admission of evidence only when it is offered solely to prove a defendant's criminal propensity." *United States v. Molina*, 172 F.3d 1048, 1054 (8th Cir. 1999). For evidence of prior convictions to be admissible under Rule 404(b), it must be "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Turner*, 781 F.3d 374, 389 (8th Cir. 2015) (quoting *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009)).

---

[1](…continued)
not object to the government's introduction of that conviction. Brief at 6.

The government seeks to introduce the 2010 conviction as proof of Defendant's intent to distribute, which is an essential element of Count 2 of the Indictment. "[E]vidence of prior possession of drugs is admissible 'to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element.'" *United States v. Horton*, 756 F.3d 569, 579 (8th Cir. 2014) (quoting *United States v. Hardy*, 224 F.3d 752, 757 (8th Cir. 2000)). This is so even where the prior convictions involve different quantities, *see Hardy*, 224 F.3d at 756-57 (finding prior convictions involving 1.4 grams and 10 grams of crack cocaine admissible in case involving more than 400 grams of crack cocaine), or different types of drugs, *see United States v. Gaddy*, 532 F.3d 783, 789-90 (8th Cir. 2008) (finding prior convictions involving marijuana, cocaine base and cocaine admissible on a charge of possession with intent to distribute cocaine base). As such, Defendant's 2010 conviction is relevant to his intent to distribute in the instant case and is sufficiently similar. Additionally, the court finds that the five year difference between the 2010 conviction and the instant conduct is sufficiently close in time. *See Gaddy*, 532 F.3d at 789 (finding convictions that were "four, ten and eleven years old" to not be too remote). Because Defendant was convicted of the crime, the court is satisfied that it was proven by a preponderance of the evidence, and the use of a limiting instruction will mitigate any potential of unfair prejudice. *See United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011). Accordingly, the court denies the Motion to the extent it seeks to exclude evidence of the 2010 conviction, as listed in item 11 in the Motion.

### *2. Pending charges*

Defendant's pending charges include driving while barred, eluding and possession of marijuana, *see* Brief at 6, and they arose from an attempted traffic stop in August of 2015 that was initiated because police recognized Defendant as the driver of the vehicle and knew him to be barred. *See* Resistance at 5-6. The vehicle involved in the pending

charges was the same vehicle in which the firearm at issue was previously found. *See id.* at 5. Defendant seeks to exclude evidence of the underlying charges—that is, evidence that Defendant was in fact eluding, driving while barred or in possession of marijuana. Brief at 7. The government does not intend to introduce evidence "of the high speed chase, accident, marijuana[] or pending state charges," but it does intend to introduce evidence that Defendant was the driver and sole occupant of the vehicle, arguing that it is substantive evidence of his dominion and control of the vehicle and, by extension, the firearm previously located within it. Resistance at 5. Because it intends to introduce evidence that Defendant was found to be driving the vehicle, the government also seeks to introduce "limited evidence that [D]efendant was a barred driver at the time of th[e] traffic stop" in order to provide context for the police interaction that linked Defendant to the vehicle. *Id.* at 5-6.

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). Evidence of wrongful conduct is intrinsic when it "is 'so blended or connected, with the [crimes] on trial as that proof of one incidentally involves the other; or explains the circumstances; or tends logically to prove any element of the crime charged.'" *United States v. Clay*, 618 F.3d 946, 955 (8th Cir. 2010) (quoting *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir. 1986) (alterations omitted)).

Defendant's control over the vehicle in which the firearm at issue was found—even two months after the firearm was found—"tends logically to prove" that Defendant had constructive possession over the vehicle and, by extension, the items located inside it, including the firearm. Therefore, evidence that Defendant was the driver and sole occupant of the vehicle in August of 2015 is admissible as intrinsic to the charged offense. Likewise, because Defendant's status as a barred driver was the reason officers initiated

the traffic stop and linked Defendant to the vehicle, the court finds that limited evidence of that status provides relevant context for the officers' discovery of Defendant in possession of the vehicle. Accordingly, the court denies the Motion to the extent it seeks to exclude evidence of Defendant's possession of the vehicle at issue and his status as a barred driver insofar as it motivated the traffic stop, as listed in item 12 in the Motion.

### D. *Impeachment Evidence*

Defendant seeks to exclude the use of his convictions for possession of marijuana with intent to deliver and for theft in the second degree for impeachment if Defendant chooses to testify.[2] Motion at 2. Defendant argues that neither of these convictions constitute crimes of dishonesty and that the prejudicial impact of impeaching Defendant with these convictions outweighs their probative value. Brief at 8-9. The government argues that Defendant's credibility is a central issue in the case because the government anticipates that Defendant will seek to provide a non-culpable explanation for why his fingerprints appeared on the firearm at issue. Resistance at 8. For this reason, the government contends that impeaching Defendant with these felony convictions has significant probative value. *See id.* at 8-9.

Federal Rule of Evidence 609(a)(1) permits the use of a criminal conviction to impeach a criminal defendant if the crime "was punishable by death or by imprisonment for more than one year" and "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1). "[P]rior convictions are highly probative of credibility 'because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (quoting *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005)). Based on the

---

[2] Defendant concedes the admissibility of two other prior convictions—forgery and unauthorized use of credit card—for purposes of impeachment. Brief at 8.

centrality of Defendant's credibility to this case (in the event he chooses to testify) and the generally high probative value of prior convictions to a defendant's credibility, the court finds that the convictions for possession of marijuana with intent to deliver and theft in the second degree are highly probative in this case.

Defendant argues that the prejudicial effect of the convictions outweighs the probative value because introducing the convictions will lead the jury to believe that the convictions are tied to dishonesty. *See* Brief at 8. The court finds this argument to be flawed. As the court noted above, the rationale for admitting prior felonies for impeachment is that a person who has committed a felony is considered "less likely than most to be deterred from lying under oath." *Collier*, 527 F.3d at 700. In fact, the Federal Rules of Evidence treats felonies similarly to "crimes of dishonesty" when it comes to impeachment. *Compare* Fed. R. Evid. 609(a)(1) (permitting for impeachment the use of felony convictions, subject to a balance of prejudice and probative value), *with* Fed. R. Evid. 609(a)(2) (permitting for impeachment the use of any conviction involving "a dishonest act or false statement" as an element, regardless of whether the conviction is for a felony or a misdemeanor). Therefore, Defendant's speculation that the jury will interpret Defendant's convictions for possession of marijuana with intent to deliver and theft in the second degree to reflect Defendant's lack of credibility does not create a prejudicial effect unanticipated by the rules of evidence. And, in any event, the court finds that the substantial probative value of these convictions to the issue of Defendant's credibility outweighs any potential for prejudice. Accordingly, the court denies the Motion to the extent it seeks to exclude evidence of Defendant's convictions for possession of marijuana with intent to deliver and theft in the second degree for use as impeachment, as listed in item 13 of the Motion.

In the Brief, Defendant requests that the government be ordered to refrain from arguing that the conviction for theft in the second degree is crime of dishonesty. Brief at

8-9. The government's theory for introducing the conviction is that it is a felony conviction admissible under Rule 609(a)(1), rather than a crime of dishonesty admissible under Rule 609(a)(2). Resistance at 9. Likewise, the court has ruled on the admissibility of the conviction solely under Rule 609(a)(1). Because the government has not produced any "facts demonstrating that the particular [theft] conviction involved fraud or deceit," the court concludes that it has not made the requisite showing that Defendant's theft conviction was a crime of dishonesty as contemplated by Rule 609(a)(2). *United States v. Yeo*, 739 F.2d 385, 388 (8th Cir. 1984). Accordingly, the court orders that the government shall not argue to the jury that Defendant's conviction for theft in the second degree is a crime of dishonesty.

## *IV. CONCLUSION*

In light of the foregoing, Defendant Marchello Rembert's Motion in Limine (docket no. 77) is **GRANTED IN PART** and **DENIED IN PART**.

Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant or that the necessary predicates for admission have been established, the party may request an opportunity to argue for admissibility of the evidence outside the presence of the jury. Each ruling in this Order is binding on all parties.

**IT IS SO ORDERED**.

**DATED** this 31st day of December, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA