**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARCHELLO REMBERT,

    Defendant.

No. 15-CR-2038-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . *2*

*III. RELEVANT TRIAL EVIDENCE* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV. MOTION FOR JUDGMENT OF ACQUITTAL* . . . . . . . . . . . . . . . . . *4*
    *A.   Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.   Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.   Count 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *2.   Count 2* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

*V.  MOTION FOR NEW TRIAL* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    *A.   Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    *B.   Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*VI. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

## *I. INTRODUCTION*

The matter before the court is Defendant Marchello Rembert's "Motion for Judgment of Acquittal" ("Motion") (docket no. 100).[1]

---

[1] The Motion is styled as a motion for judgment of acquittal. However, in the Motion, Defendant alternatively requests that he be granted a new trial. Therefore, the court will address each request separately.

## II. RELEVANT PROCEDURAL BACKGROUND

On September 15, 2015, a grand jury returned an Indictment (docket no. 3) charging Defendant with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count 2).

On January 4, 2016, a jury trial commenced. *See* January 4, 2016 Minute Entry (docket no. 89). On January 5, 2016, Defendant moved for a judgment of acquittal at the close of the government's evidence and renewed the motion at the close of all evidence. *See* January 5, 2016 Minute Entry (docket no. 91). The court denied the motion. *See id.* On January 6, 2016, the jury returned verdicts finding Defendant guilty of both counts alleged in the Indictment. *See* Jury Verdicts (docket no. 97).

On January 20, 2016, Defendant filed the Motion. On January 27, 2016, the government filed a Resistance (docket no. 102). The Motion is fully submitted and ready for decision.

## III. RELEVANT TRIAL EVIDENCE

Viewed in the light most favorable to the verdict, the evidence at trial was as follows. On June 4, 2015, Waterloo Police Officer Edward Savage responded to a call of disorderly conduct. When Officer Savage arrived at the scene, he saw five or six people exit a car parked in the street. Defendant exited from the front passenger seat and his co-defendant, Trisha Millard, exited from the driver's seat. The vehicle was owned by and registered to Millard.

Officer Savage knew Defendant to have an outstanding warrant and, therefore, he arrested Defendant. During a search of Defendant's person incident to the arrest, Officer Savage found approximately four grams of crack cocaine in Defendant's pocket. The crack cocaine was packaged in fourteen small baggies held within a larger baggie. *See* Government Exhibit 2 (docket no. 93-3). Officer Savage also found $123 in Defendant's

pocket. Special Agent Kelly Meggers of the Iowa Division of Criminal Investigation testified that the amount of crack cocaine, the method of its packaging and its pairing with cash in Defendant's pocket were consistent with an intent to deliver crack cocaine.

Officer Savage also conducted a search of the vehicle from which Defendant had exited. Millard told Officer Savage that there was a firearm in the car, but she was unable to specifically describe where it was located. Officer Savage ultimately found the firearm underneath the driver's seat. The firearm was owned by and registered to Millard. Officer Savage also found marijuana in the center console, a partially smoked marijuana cigarette in the ashtray and bits of loose marijuana located elsewhere throughout the car.

The firearm was analyzed for fingerprints. Of two latent fingerprints found on the firearm, one was suitable for identification. Investigator Eryn Hageman of the Waterloo Police Department testified that finding fingerprints on a firearm that are suitable for identification is uncommon because fingerprints often overlap with other fingerprints or smear due to multiple handlings of the firearm. The fingerprint recovered from the firearm matched Defendant's left index finger and was located above the trigger guard of the firearm. The placement of the fingerprint was consistent with a video from Defendant's Facebook page, uploaded in January of 2013, which depicted Defendant holding a firearm or firearm replica in his left hand with his left index finger resting above the trigger guard. Sergeant Steve Peterson of the Black Hawk County Sheriff's Department testified that Defendant's fingerprint on the firearm was inconsistent with an accidental handling of the firearm.

Additional government witnesses further testified that Defendant was seen driving Millard's car in August of 2015, after the incident wherein the firearm was found, and that Defendant had a prior conviction for possession of marijuana with intent to deliver. The defense called two witnesses. Retired Cedar Rapids Police Officer John Graham testified that, based on his experience, he could not determine with any certainty the manner in

which Defendant touched the firearm based on the fingerprint found on the firearm. Millard testified that, to her knowledge, Defendant had never knowingly possessed her firearm and that Defendant had told her that he used crack cocaine.

## IV. MOTION FOR JUDGMENT OF ACQUITTAL

### A. *Legal Standard*

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *See* Fed. R. Crim. P. 29(c). It is well settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *See United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id*. Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

### B. *Analysis*

Defendant argues that the court should enter a judgment of acquittal on both counts of conviction because there was insufficient evidence to support the jury's verdicts. Brief in Support of the Motion (docket no. 100-1) at 3-6. As to Count 1, Defendant argues that the evidence was insufficient to prove that Defendant knowingly possessed the firearm.

*See id.* at 4. As to Count 2, Defendant argues that the evidence was insufficient to prove that Defendant intended to distribute the crack cocaine found on his person. *See id.* at 6.

### 1. Count 1

To convict Defendant of being a felon in possession of a firearm, the government was required to prove that: "(1) [Defendant] had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) [Defendant] knowingly possessed a firearm . . . ; and (3) the firearm . . . had been in, or had affected, interstate commerce." *United States v. Daniels*, 625 F.3d 529, 532-33 (8th Cir. 2010). Defendant's challenge to the sufficiency of the evidence relates to the second element. Brief in Support of the Motion at 4.

The firearm at issue was found underneath the driver's seat of a car shortly after Defendant had exited the car. The government sought to prove Defendant possessed the firearm under a constructive possession theory.

> Constructive possession requires that the defendant has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself. Constructive possession may be established by circumstantial evidence alone, but the government must show a sufficient nexus between the defendant and the firearm.

*United States v. Chatmon*, 742 F.3d 350, 352 (8th Cir. 2014) (quoting *United States v. Garrett*, 648 F.3d 618, 622 (8th Cir. 2011)) (internal quotation marks omitted). "Mere physical proximity to a firearm is not enough to show constructive possession, but knowledge of [a firearm's] presence, combined with control is constructive possession." *United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014) (quoting *United States v. Mann*, 701 F.3d 274, 304-05 (8th Cir. 2012)) (alteration in original).

Defendant argues that the instant case is factually similar to *United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984). Brief in Support of the Motion at 4. In *Beverly*, officers executed a search warrant at a suspect's home. 750 F.2d at 35. When the officers

arrived to conduct the search, they found the defendant and another person standing in the suspect's kitchen. *Id.* Next to the defendant, officers found a waste basket that had two firearms inside. *Id.* The defendant's fingerprint was found on the barrel of one of the firearms. *Id.* On those facts, the Sixth Circuit concluded that the evidence was insufficient to prove that the defendant constructively possessed the firearm, because it reflected "only that [the defendant] was in the kitchen of [the suspect's] residence, that [the defendant] was standing close to a waste basket which contained two guns, and that [the defendant] had at some point touched one of the guns," without any further showing that the defendant had indirect or direct control over the kitchen, the waste basket or the firearm. *Id.* at 37. Defendant recognizes that *Beverly* does not reflect the law of the Eighth Circuit, but urges the court to consider the case as persuasive authority on the facts presented. *See* Brief in Support of the Motion at 4.

Beyond the fact that *Beverly* is not controlling authority, the court also finds that case unpersuasive because its facts are readily distinguishable from the facts of this case. Unlike in *Beverly*, witnesses testified that Defendant's fingerprint was above the trigger guard of the firearm, rather than on its barrel, and witness testimony and the Facebook video revealed that the fingerprint's location was consistent with Defendant holding a firearm in an intentional, non-accidental manner. A reasonable jury could infer from this evidence that Defendant did more than merely "touch" the firearm, but that he instead held it intentionally. Second, a witness testified that fingerprints located on smooth surfaces, such as the area above a firearm's trigger guard, can be smeared or smudged with numerous handlings but that Defendant's fingerprint was neither smeared nor smudged. A reasonable jury could infer from this evidence that Defendant was the most recent person to hold the firearm and was, by extension, aware of or responsible for its presence in the car. *See United States v. Falcon*, 477 F.3d 573, 579 (8th Cir. 2007) (stating that a verdict should be upheld "as long as there is an interpretation of the evidence that would

allow a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt" (quoting *United States v. Johnson*, 470 F.3d 1234, 1237 (8th Cir. 2006))). Third, Defendant was witnessed driving the car on a later date with no passengers. A reasonable jury could infer from this evidence that Defendant similarly exercised control over the car and its contents on the night the firearm was found, despite the fact that other occupants were also in the car. *See United States v. Green-Bowman*, __ F.3d __, __, 2016 WL 805688, *5 (8th Cir. Mar. 2, 2016) ("[T]he presence of other people who might have possessed the weapon does not prove [the defendant] did not *also* possess it or otherwise undermine the evidence of possession."). Therefore, the court finds the instant case factually distinct from *Beverly* and finds that the circumstances noted above, in addition to the fact of Defendant's proximity to the firearm, are sufficient for a reasonable jury to find beyond a reasonable doubt that Defendant possessed the firearm. *See United States v. Byas*, 581 F.3d 723, 726 (8th Cir. 2009) ("While 'mere physical proximity is insufficient to establish constructive possession,' the factfinder may infer [D]efendant had control of the firearm based on all the circumstances." (quoting *United States v. Bradley*, 473 F.3d 866, 868 (8th Cir. 2007))). Accordingly, the court shall deny the Motion with regard to the requested judgment of acquittal on Count 1.

### 2. Count 2

To convict Defendant of possession of crack cocaine with intent to distribute, the government was required to prove that: (1) Defendant possessed crack cocaine; (2) Defendant knew he possessed a controlled substance; and (3) Defendant intended to distribute some or all of the controlled substance. *See United States v. Sullivan*, 714 F.3d 1104, 1107 (8th Cir. 2013) (stating the elements for possession of a controlled substance analogue with intent to distribute). Defendant's challenge to the sufficiency of the evidence relates to the third element. *See* Brief in Support of the Motion at 6.

"Mere possession of a small amount of cocaine, standing alone, is an insufficient basis from which to infer an intent to distribute." *United States v. Dawson*, 128 F.3d 675, 677 (8th Cir. 1997). However, "circumstantial evidence such as drug quantity, packaging material, and the presence of cash may be used to establish intent to distribute." *United States v. Finch*, 630 F.3d 1057, 1061 (8th Cir. 2011) (quoting *United States v. McClellon*, 578 F.3d 846, 854 (8th Cir. 2009), *cert. denied*, 558 U.S. 1132 (2010)) (alteration omitted). Another factor relevant to determining an intent to distribute "is the presence of a firearm." *Dawson*, 128 F.3d at 677.

Here, the government provided significant circumstantial evidence of Defendant's intent to distribute. First, Defendant was found with over four grams of crack cocaine on his person. Special Agent Meggers testified that personal users of crack cocaine typically ingest the substance in doses of one-tenth to one-half of one gram and that personal users typically do not possess multiple grams of crack cocaine at any one time. Second, the crack cocaine was divided into fourteen smaller amounts packaged inside separate small plastic baggies. *See* Government Exhibit 2. Each of the fourteen packages of crack cocaine was held inside one larger plastic baggie. *Id*. Special Agent Meggers testified that such packaging is typical of the sale of crack cocaine in small dosage units. *See also United States v. Kuenstler*, 325 F.3d 1015, 1024 (8th Cir. 2003) (noting that possession of multiple individual packages of a controlled substance is circumstantial evidence of an intent to distribute, even where the cumulative quantity of the individual packages is otherwise small). Third, $123 in cash was found on Defendant's person in addition to the crack cocaine. Special Agent Meggers testified that that amount of money, and the denomination of bills involved, was consistent with the amounts of money a dealer of crack cocaine would receive from customers. Lastly, as the court noted above, there was strong circumstantial evidence of Defendant's possession of a firearm, which is considered "a tool of the trade for drug dealers." *United States v. Donnell*, 596 F.3d 913, 920 (8th Cir.

2010) (quoting *United States v. Regans*, 125 F.3d 685, 686 (8th Cir. 1997)) (internal quotation marks omitted).

Despite the government's evidence of Defendant's intent to distribute the crack cocaine found in his possession, Defendant argues that the evidence was insufficient because Millard rebutted the evidence with testimony that Defendant was a personal user of crack cocaine and possessed the drugs for his own consumption. *See* Brief in Support of the Motion at 6. However, the presence of contradicting testimony does not undermine a jury's verdict. Instead, it is the jury's express "responsibility [to] resolv[e] conflicts or contradictions in testimony" and any credibility issues created by such testimony must be resolved in favor of the verdict. *United States v. Thibeaux*, 784 F.3d 1221, 1225 (8th Cir. 2015) (quoting *United States v. Augustine*, 663 F.3d 367, 373 (8th Cir. 2011)). Therefore, the court finds the evidence sufficient for a reasonable jury to find beyond a reasonable doubt that Defendant had the intent to distribute the crack cocaine in his possession. Accordingly, the court shall deny the Motion with regard to the requested judgment of acquittal on Count 2.

## V. MOTION FOR NEW TRIAL

### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *See Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the

verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court's standard of review for a motion for new trial differs from the standard that is applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007) (reiterating applicable standard).

### B. Analysis

As the basis for his request for a new trial, Defendant argues that the court erroneously permitted the government to introduce the Facebook video pursuant to Federal Rule of Evidence 404(b). Brief in Support of the Motion at 6. Defendant renews his pretrial objection to the video, in which he argued that the video "was not supported by

10

sufficient evidence, and . . . its prejudicial impact far outweighed its limited probative value." *Id.* at 7.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Despite this prohibition on prior acts evidence used for propensity purposes, such evidence is admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Prior acts evidence "is admissible if (1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Ellis*, __ F.3d __, __, 2016 WL 1077131, at *7 (8th Cir. Mar. 18, 2016). Defendant challenges admission of the video as to the third and fourth factors. *See* Brief in Support of the Motion at 6-7.

Defendant first argues that the video was not supported by sufficient evidence because the firearm in the video was not recovered and, in fact, might not have been a firearm at all. *Id.* at 7 ("The video was not supported by sufficient evidence because there was no proof that the gun-like item was in fact a firearm."). However, the video was not introduced merely to prove that Defendant possessed a firearm at the time the video was created. Instead, the government sought to show that the manner in which Defendant holds a firearm would leave a fingerprint above the trigger guard of such firearm. *See* Government's Rule 104(a) Motion (docket no. 84) at 1 (describing the video as one "which depicts [D]efendant holding a pistol in his left hand with his left index finger positioned directly above the trigger guard"). It is therefore irrelevant whether the "gun-like item" was a real firearm or not, because in either scenario it would indicate how Defendant intentionally holds a real firearm. Further, the court finds that there was sufficient evidence that the video depicted Defendant, in light of the facts that the video was posted

by Defendant to Defendant's own Facebook page within approximately two and one-half years of the instant offense and depicted a person appearing to be Defendant.

Defendant also argues that the potential prejudice of the video substantially outweighed its probative value "because the title of the video ('Real thugz bout dat, get at me. BANG BANG!!!!!!!!!!!') had no relevance and a high degree of undue prejudice." Brief in Support of the Motion at 7. When the parties argued their positions as to the admissibility of the video,[2] Defendant expressed his concern about the video's title, which appeared on the Facebook page where the video was published. The government stated that the Facebook page containing the title also showed that Defendant was the Facebook user that uploaded the video, which lended credibility to the authenticity of the video's contents. Because the video playback could not simultaneously hide the title and show who uploaded the video—but, instead, could only hide both or show both—the court informed Defendant that he could stipulate to the fact that he uploaded the video, such that the government would play the video without the title and upload information or, if Defendant declined to stipulate, the video would be played with both the title and upload information visible. Apparently, Defendant declined to enter a stipulation, *see* Resistance at 11, and no stipulation was read to the jury. The court finds that "the interest of justice" does not require a new trial where the court provided Defendant with an opportunity to cure the purported prejudice to which Defendant now objects. *See* Fed. R. Crim. P. 33(a).

To the extent Defendant also seeks a new trial on the ground of insufficiency of the evidence, for the reasons stated in the court's discussion of Defendant's request for judgment of acquittal, the court finds that the evidence does not "preponderate[]

---

[2] The government filed a motion seeking a ruling on the video's admissibility on December 29, 2015. *See* Government's Rule 104(a) Motion. The court addressed the government's motion outside the presence of the jury on the first day of trial. *See* January 4, 2016 Minute Entry.

sufficiently heavily against the verdict" to warrant a new trial. *Lincoln*, 630 F.2d at 1319. Accordingly, the court shall deny the Motion with regard to its request for a new trial.

## *VI. CONCLUSION*

In light of the foregoing, the Motion (docket no. 100) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of April, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA